Public Utilities Commission,
No. 5783.

### BOSTON and MAINE CORPORATION *v.* STATE.

Argued November 6, 1968.
Decided October 31, 1969.

*John J. Nee* and *Chester A. Prior* (of Massachusetts) and *John N. Nassikas* and *W. Wright Danenbarger* (*Mr. Nassikas* orally), for the plaintiff railroad.

*George S. Pappagianis,* Attorney General, and *Vincent A. Wenners,* Attorney (*Mr. Wenners* orally), for the State.

DUNCAN, J. By this appeal under RSA ch. 541 from decision and order No. 9112 of the Public Utilities Commission, the plaintiff seeks to set aside an order authorizing the State to proceed over railroad objection with certain alterations and improvements to a State highway at a railroad underpass in Claremont, and requiring the railroad to bear certain costs incurred by it in connection with the alterations and improvements, to the extent of 50% of such costs or $11,875, whichever is the lesser amount.

The underpass in question is beneath a portion of a single track trestle bridge 600 feet in length which crosses the Sugar River and State highway routes 103 and 12, at West Claremont. The State under a Federally aided project has undertaken to widen the highway where it passes beneath the trestle on the north side of the river. The trestle is supported in part by three piers at the north side of the highway, and in order to permit the proposed widening, it is necessary to construct a retaining wall next to two of the piers, to furnish lateral support and prevent any movement of the piers. While this wall is to be erected at State expense, it is not questioned that it is necessary for the railroad to observe construction of the wall and to check the piers and trestle during the progress of the work. The costs which the Commission order would require the railroad to share are these engineering and overhead expenses to be incurred by the railroad.

RSA 373:2 authorizes the Commission to require a railroad to reconstruct or improve an existing overpass and approaches thereto where "necessary in the interest of safety to the railroad or the public." The statute further provides that any order issued by the Commission under RSA 373:2, *supra,* with respect to reconstruction of a railroad underpass "shall provide for the apportionment of the cost . . . between the railroad and the state if such crossing is located at the intersection of a railroad and a state highway," as this one is. RSA 373:3. The section further provides: "In making such apportionment the commission shall

give due consideration to whether the railroad or the highway was first constructed, to the nature and volume of highway traffic, to the number of trains operated by the railroad at the crossing, and all other relevant facts and circumstances." RSA 373:3, *supra.*

The sole issue to be determined here is whether the order requiring the railroad to bear fifty percent of the expense to be incurred by it is clearly unreasonable or unlawful. RSA 541:7, 13. *New Ipswich Electric Dept.* v. *Greenville Electric Co.,* 108 N. H. 338; *White Mountain Power Co.* v. *Whitaker,* 106 N. H. 436.

The report and order of the Commission sets forth certain findings which are supported by the record and include the following: "The highway was laid out in August of 1830. The railroad obtained a right to cross the property of the then town of Claremont in December of 1847. The original track structure was carried over this highway by a different bridge until 1930, when the present structure was constructed . . . . There are presently three scheduled freight trains in each direction on weekdays, with two on Sundays." The Commission further found: "It is obvious that the railroad will not benefit through the improvements made on the highway. On the contrary, it is for the benefit of highway traffic that this project is designed."

The plaintiff relies in part upon the last quoted findings in support of its contention that the order is unreasonable and unlawful. It suggests that any apportionment of cost is required to be made "in accordance with the relative benefit to be derived" from the reconstruction, as was provided by a predecessor statute enacted in 1937 and repealed in 1951. R.L. ch. 299, *s.* 2. See Laws 1937, ch. 123, *s.* 1; Laws 1951, ch. 203, *s.* 58, par 3.

The present statute, enacted in 1951, had its origin in House Bill 345 at the 1951 session. As introduced, section 59 of the bill carried forward the quoted provisions of R.L. ch. 299, *s.* 2, *supra.* In new draft however, the references to "relative benefit" were eliminated, and the pertinent provisions took the form in which they now appear. See House Journal, 1951 session, *p.* 745. This legislative history suggests no implication of intent to retain the "relative benefit" criterion of the former statute. Nor does the present statute require such an implication. Railroads and other utilities may properly be required to construct and maintain at their own expense their facilities located on public highways when alterations and improvements require changes. 74 C.J.S., Railroads, *s.* 157. The statutory requirements

with respect to allocation of costs are properly governed by considerations other than those of relative benefit alone. Certain of these considerations are enumerated by the statute. Relative obligations resting upon the parties are not irrelevant. The State is properly charged with expenses peculiar to highway use. Expenses of protection and maintenance of railroad structures may reasonably be cast upon the railroad. See *Boston and Maine Corporation* v. *Manchester,* 109 N. H. 521. It has been held that the true basis of apportionment is the extent to which the presence of the railroad enhances the cost of needed improvements. *State ex rel. Alton R.R.* v. *Pub. Serv. Comm,* 334 Mo. 995, 1000.

The report of the Commission indicates that adequate consideration was given to factors set out in the statute. The fact that "the nature and volume of highway traffic" (RSA 373:3, *supra*) were not expressly adverted to, or detailed in the evidence, cannot be considered fatal to the decision of the Commission. The highway is a major route between sectors of south-central New Hampshire and Vermont. The occasion for the widening of the highway was not questioned.

The plaintiff urges that the findings of the Commission were inadequate because they disclosed no "rational process" by which the proportion of 50% of cost was arrived at. *Company* v. *State,* 95 N. H. 353, 357. We do not agree. All costs of the highway project itself have been assumed by the State. The expenses incurred by the railroad found to consist of "engineering, accounting, inspection and maintenance costs," relate primarily to the safety of the structure maintained for the railroad's accommodation. In imposing the burden of one-half of this expense upon the railroad, the Commission was not required to assign a specific weight to each factor considered, which could be demonstrated to average out to 50% in the aggregate.

The basic facts found by the Commission may be reasonably considered to warrant the conclusion reached. The obligations of the railroad in respect of its structures on or adjoining the highway were properly found at least equal to the responsibilities of the State with respect thereto. No error of law is demonstrated, and the order of the Commission is not shown to be unjust or unreasonable.

*Appeal dismissed.*

All concurred.